**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JOSEPH COUGHLIN,<br><br>    Plaintiff,<br><br>v.<br><br>ADOBE INC.<br>and VARUN SEKHRI,<br><br>    Defendants. | Case No. 25-10729<br><br>**DEFENDANTS ADOBE INC. AND VARUN SEKHRI'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 USC §§ 1331, 1332, 1441, & 1446** |

**DEFENDANTS ADOBE INC. AND VARUN SEKHRI'S NOTICE OF REMOVAL OF CIVIL ACTION**

TO THE CLERK THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that Defendants ADOBE INC. ("Adobe") and VARUN SEKHRI ("Sekhri") (collectively, "Defendants") hereby remove this civil action from the Superior Court of the Commonwealth of Massachusetts pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Removal is proper based on both federal question and diversity jurisdiction. In support thereof, Defendants state as follows:

**INTRODUCTION**

1.      On February 27, 2025, an action was commenced in the Superior Court of the State of Massachusetts for the County of Suffolk, entitled *Joseph Coughlin v. Adobe Inc. et al.*, designated as case number 2581CV00509 ("Complaint").

US 253904796v5

2.      The Complaint alleged eight[1] causes of action: (I) age discrimination in violation of M.G.L. c. 151B; (II) associational disability discrimination in violation of M.G.L. c. 151B; (III) retaliation in violation of M.G.L. c. 151B; (IV) interference in violation of the Massachusetts Paid Family Medical Leave Act, M.G.L. c. 175M; (VI) discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; (VII) retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623; (VIII) associational disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and (IX) interference in violation of the Family and Medical Leave Act, 29 U.S.C. § 28 *et seq*.

3.      On March 10, 2025, Defendants were served with a Complaint and Summons in this matter.

4.      Pursuant to 28 U.S.C. § 1446, true and correct copies of the following pleadings and other documents filed in the state court are attached hereto as Exhibits:

   a.  Exhibit A: Plaintiff's Complaint;

   b.  Exhibit B: Plaintiff's Civil Action Cover Sheet;

   c.  Exhibit C: Plaintiff Joseph Coughlin's Motion for Appointment of Special Process Server Constable Jon Pollack & Associates; and

   d.  Exhibit D: Service Return.

As of the date of this Notice of Removal, the documents attached as Exhibits A-D constitute all process, pleadings, and orders served upon or filed by the Parties in this matter.

---

[1] Though the numbering of the counts in the Complaint ends at IX, the Complaint does not contain a Count V, so in total Plaintiff asserts eight counts for relief.

5.     Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff, as well as to the Clerk of the Superior Court of Massachusetts, County of Suffolk, as required by 28 U.S.C. § 1446(d).

6.     The filing of this Notice of Removal is subject to, and without any waiver of, any and all applicable defenses or objections to the Complaint.

## TIMELINESS OF REMOVAL

7.     Adobe was served with the Complaint and Summons in this action on March 10, 2025 in accordance with Mass. R. Civ. P. 4.

8.     Sekhri was served with the with the Complaint and Summons in this action on March 10, 2025 in accordance with Mass. R. Civ. P. 4.

9.     This Notice of Removal has been filed within 30 days after service of the Summons and Complaint, and thus is timely pursuant to 28 U.S.C. § 1446(b) and Rules 5 and 6 of the Federal Rules of Civil Procedure.  *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period does not commence until proper service of the summons and complaint under applicable state law).

## BASIS FOR JURISDICTION

## FEDERAL QUESTION JURISDICTION

10.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises, in part, under the Constitution, laws, or treaties of the United States.

11.     Specifically, this action arises in part out of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Compl. ¶¶ 83-94 (Counts VI, VII); Americans with

Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Compl. ¶¶ 95-101 (Count VIII); and the Family and Medical Leave Act, 29 U.S.C. § 28 *et seq.*, Compl. ¶¶ 102-106 (Count IX).

12.     Because Plaintiff's claims arise in part under the laws of the United States, his claims raise a federal question providing a basis for removal under 28 U.S.C. § 1441(a). *See Thompson v. Gold Medal Bakery, Inc.*, 989 F.3d 135, 141 (1st Cir. 2021) (noting that § 1331 provided the basis for removal in a case alleging violations of the Americans with Disabilities Act and Family and Medical Leave Act); *Thompson v. Evolve Bank & Trust*, 728 F. Supp. 3d 202, 206 (D. Mass. 2024) (denying motion for remand because, *inter alia*, the Complaint "alleges violations of the Americans with Disabilities Act," a "cause[] of action created by, and therefore 'aris[ing] under,' federal law").

13.     This Court also has supplemental jurisdiction over Plaintiff's state law claims because they "form part of the same case or controversy."  28 U.S.C. § 1367(a).  Supplemental jurisdiction is proper where, as here, Plaintiff's state law causes of action "derive from a common nucleus of operative fact[s]" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding."  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1996).

14.     Here, all of Plaintiff's claims arise out of allegations that he was discriminated and retaliated against based on his age and his son's disability.  Accordingly, all of Plaintiff's claims arise out of the same "common nucleus of operative facts" as his federal claim, and the entire action is subject to this Court's supplemental jurisdiction.  28 U.S.C. § 1367(a); *see also Gold Medal Bakery*, 989 F.3d at 141 (exercising supplemental jurisdiction over state law claims when the complaint alleged Americans with Disabilities Act and Family and Medical Leave Act violations).

US 253904796v5

**DIVERSITY JURIDICTION**

15.    This Court also has original jurisdiction over this action under 28 U.S.C. § 1332 in that complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

16.    Plaintiff Joseph Coughlin resides in Massachusetts.  Compl. ¶ 1.  Defendant Varun Sekhri resides in New York.  Compl. ¶ 3.  Defendant Adobe's principal place of business is in California.  Compl. ¶ 2.  Adobe is incorporated in Delaware.[2]  Thus, complete diversity of citizenship exists in this case.

17.    A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  In determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of claims for compensatory and punitive damages.  *See, e.g.*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement).

18.    Here, Plaintiff asserts eight causes of action based on alleged discrimination, retaliation, and violations of leave laws.  Compl. ¶¶ 61-106.  He alleges "economic losses in the form of lost wages and benefits, emotional distress, interest, attorney's fees, litigation costs, and

---

[2] The Complaint recognizes that Adobe is organized under the laws of a state other than Massachusetts.  Compl. ¶ 2.  However, it incorrectly alleges that Adobe is incorporated in California.  Compl. ¶ 2.  Adobe is actually incorporated in Delaware.  Ex. E (reflecting Adobe's residence in Delaware as "domestic"); *see also* File No. 2748129, State of Delaware, Department of State, Division of Corporations, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx.  An entity's state of incorporation is an appropriate topic of judicial notice because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" under Federal Rule of Evidence 201(b)(2).  *See* Fed. R. Evid. 201(b)(2); *see also Peterborough RR v. Boston & M.R.R.*, 239 F. 97, 99 (1st Cir. 1917) (taking judicial notice of a defendant corporation's state of incorporation); *BFT Advisors, LLC v. Long*, No. 21-cv-10994, 2022 WL 1912871, at *3 n.3 (D. Mass. June 3, 2022) (similar) (citing FRE 201(b)).  Adobe hereby requests that the Court take judicial notice that it is incorporated in Delaware.

US 253904796v5

any other damages allowable by law, in an amount to be determined at trial."  Compl. ¶ 106. Plaintiff prays for (i) economic and non-economic damages according to proof; (ii) attorneys' fees and costs; (iii) prejudgment interest; and (iv) any other relief that is consistent with justice. Compl., Prayer ¶¶ B-E.

19.     Plaintiff alleges that the total value of his claims exceeds $1,000,000.  Ex. B.

20.     While Defendants deny liability as to Plaintiff's claims, Defendants have a reasonable, good faith belief that the amount in controversy, as alleged and pled in this action, exceeds $75,000.

21.     Because there is complete diversity of citizenship, the amount in controversy exceeds $75,000, and neither Defendant is a citizen of Massachusetts, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and removal is proper under 28 U.S.C. § 1441(b).  *See Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 39-42 (1st Cir. 2016); *Merrimack Mut. Fire Ins. Co v. Omega Flex, Inc.*, 569 F. Supp. 3d 68, 69-70 (D. Mass 2021).

## **VENUE**

22.     This action was originally filed in the Superior Court of the State of Massachusetts, County of Suffolk, which is located in the District of Massachusetts.  Therefore, venue is proper in this Court under 28 U.S.C. § 1441(a) because this Court is in "the district and division embracing the place where [the state court action] is pending."

23.     This action is not "removable solely on the basis" of diversity jurisdiction, and furthermore, none of "the parties in interest properly joined and served as defendants" is a citizen of Massachusetts.  Thus, 28 U.S.C. § 1441(b)(2) poses no barrier to removal.

US 253904796v5

**CONCLUSION**

24.    WHEREFORE, having timely provided notice as required by law, the above-entitled action pending before the Superior Court of the State of Massachusetts, County of Middlesex should be removed to the United States District Court for the District of Massachusetts.

Dated: March 28, 2025                              Respectfully Submitted,

/s/ *Joshua S. Barlow*
Joshua S. Barlow, Esq., BBO #667472
**ARNOLD & PORTER KAYE SCHOLER LLP**
200 Clarendon Street, 53rd Floor
Boston, MA 02116
Telephone: 617.351.8052
Joshua.Barlow@arnoldporter.com

David J. Reis (*pro hac vice motion forthcoming*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3166
David.Reis@arnoldporter.com

*Attorneys for Defendants ADOBE INC. and VARUN SEKHRI*

US 253904796v5