UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **Joseph Coughlin,** | ) |
| Plaintiff(s), | ) |
|  | ) |
| v. | ) Civil Action No. **1:25-cv-10729-MJJ** |
|  | ) |
| **Adobe Inc.,** | ) |
| Defendant(s). | ) |

ORDER SETTING CIVIL JURY TRIAL

JOUN, J.

It is ORDERED that the trial of this case will commence with jury selection on **Monday, March 22, 2027, at 9:00 a.m.** in Courtroom 20 on the 7th floor. Trial will be conducted on a 9:00 a.m. to 1:00 p.m. schedule until deliberations. However, jury selection will proceed all day, if necessary, until completed. If jury selection ends before 1:00 p.m. on the first day of trial, opening statements and presentation of evidence will follow immediately thereafter and continue until 1:00 p.m. The Court will meet with counsel at **8:30 a.m.** each day to resolve evidentiary or other legal issues.

1.  Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.5, it is further ORDERED that counsel shall appear for a Final Pretrial Conference on **Thursday, March 11, 2027, at 2:30 p.m.** in Courtroom 20 on the 7th Floor. Unless excused by the Court, each party shall be represented at the Final Pretrial Conference by counsel who will conduct the trial.

1

2.   Counsel shall have conferred with their clients and with each other to explore the possibilities of settlement before the Final Pretrial Conference, shall be prepared to advise the Court as to prospects of settlement and shall be themselves authorized or accompanied by persons authorized to engage in settlement discussions and consummate settlement. No excuses will be granted from this obligation.

3.   In preparation for the Final Pretrial Conference and in accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(c), it is ORDERED that the Parties disclose to one another, **no later than (2/11/2027), four (4) weeks before** the Final Pretrial Conference, the following:

a.   All photographs, documents, instruments, and other objects either party intends to offer as exhibits at trial, other than solely for impeachment;

b.   The names, addresses, and telephone numbers of witnesses each party intends to call at trial, including expert witnesses; and

c.   The names of witnesses, if any, whose testimony is to be presented by means of deposition and a transcript of the pertinent portions of the deposition testimony.

4.   Following the disclosures made pursuant to the previous paragraph, the parties shall serve upon one another, **no later than (2/18/2027),  three (3) weeks before** the Final Pretrial Conference, a list describing any objections thereto and the grounds therefor. As per Local Rule 16.5(c), these objections shall be one of the subjects of the pre-Final Pretrial Conference meeting and if not resolved, shall be presented to the Court in the parties' Trial Briefs. Objections not so disclosed, other than objections pursuant to Rules 402 and 403 under the Federal Rules of Evidence, are waived according to Fed. R. Civ. P. 26(a)(3), unless excused by the Court for good cause.

5.   In further preparation for the Final Pretrial Conference, it is ORDERED pursuant to Local Rule 16.5(d) that the parties meet personally **at least two (2) weeks before** the Final Pretrial Conference to discuss and negotiate settlement of the action, to narrow the issues to be

tried, and to prepare a joint pretrial memorandum as described below.

6. The parties shall prepare and file a Joint Pretrial Memorandum no later than **(2/25/2027),**

**seven (7) days before** the Final Pretrial Conference. Extensions for filing will not be granted

without showing of exceptional cause. The Joint Pretrial Memorandum shall set forth:

a. The names, addresses, and telephone numbers of trial counsel;

b. A concise summary of the evidence that will be offered by the Plaintiff, the Defendant, and other parties, with respect to both liability and damages (including special damages, if any);

c. A statement of facts to be submitted to the court or jury:

(i) by pleadings,
(ii) by stipulations; or
(iii) by admissions.

d. Contested issues of fact (counsel shall stipulate to all facts not in genuine dispute);

e. Any jurisdictional questions;

f. Any questions raised by pending motions;

g. Issues of law, including evidentiary questions, together with supporting authority;

h. Any requested amendments to the pleadings;

i. Any additional matters to aid in the disposition of the action;

j. The probable length of trial;

k. The names of all witnesses to be called, the city/state in which the witness resides, the purpose of the testimony of each witness (i.e., factual, expert, etc.), and whether the testimony of any such witness is to be presented by deposition. Unless the qualifications of any expert witness are stipulated, a statement of the qualifications shall be included;

l. An identification by inclusive page and lines of any portions of depositions or interrogatory responses to be offered at trial and a precise statement of any objections thereto;

   (i) Counsel shall also include any objections to witnesses or lines of deposition transcripts that has not been resolved pursuant to Local Rule 16.5(c). The parties shall model objections to deposition designations on the example provided in **Appendix A;**

3

m. Utilizing disclosures made pursuant to Sections 3 and 4, above, counsel shall include in their memorandum a "List of Uncontested Exhibits" (photographs, documents, instruments, and all other objects as to which there appear to be no objections), in order of their anticipated introduction to the Court, identified and marked by a <u>single sequence of numbers</u> regardless of which party is the proponent;

n. Utilizing disclosures made pursuant to Sections 3 and 4, above, counsel shall include in their memorandum a "List of Contested Exhibits" of exhibits to which any party reserves the right to object, identified and marked by a <u>single sequence of capital letters</u> regardless of which party is the proponent; and,

    (i) Counsel shall also include any objections to all other exhibits in the form attached **Appendix B**.

o. The parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(c).

7. Each party shall prepare and file no later than **(2/25/2027), seven (7) days before** the Final Pretrial Conference, a Trial Brief pursuant to Local Rule 16.5(f) which set forth the following:

a. A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment;

b. Any proposed questions for the <u>voir</u> <u>dire</u> examination of the jury;

c. Motions in limine or other requests regarding foreseeable disputes concerning evidentiary or other issues, including authority for the ruling requested;

d. Requests for instructions to the jury, with citation to supporting authority; and,

e. Any proposed interrogatories or special verdict forms.

8. Any oppositions to motions in limine shall be filed no later than **(3/1/2027), three (3) days before** the Final Pretrial Conference.

9. Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order and shall file a copy of the writing with the Clerk.

10. If some disposition of the case occurs before the Final Pretrial Conference, counsel shall, by telephone, forthwith notify the Deputy Clerk and promptly thereafter submit closing papers.

Compliance with this aspect of the Order is not excused, absent the actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

11. Counsel are advised of the Court's "5 minute-rule," which requires that during jury deliberations, counsel may leave the courtroom, but must appear in court within 5 minutes of a call from the deputy clerk, in order to respond to any jury question or for the return of a verdict.

12. The court's electronic evidence presentation system is available for use by the parties during trial.  Parties shall contact the Deputy Clerk to arrange for training on this equipment.

13. The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, limiting dates of birth to the year, and limiting home addresses to city and state. If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court. If a restricted item is mentioned in court, you have waived any right to have it stricken or redacted thereafter.

14. The timely filing of these trial documents is required. Failure to comply with any of the directions set forth above may result in judgment of dismissal or default, or the imposition of other sanctions deemed appropriate by the Court.

SO ORDERED.

Dated: April 15, 2026            /s/ Myong J. Joun
                                 Myong J. Joun
                                 United States District Judge

5

**APPENDIX A**
**USE THIS FORMAT FOR THE DEPOSITION DESIGNATION LIST:**

**Witness Name**

| Plaintiffs' Initial Designation | Defendant's Objection | Defendant's Explanation (if necessary) | Defendant's Counter-designation (if necessary) |
|---|---|---|---|
| page:line – page:line | Rule | Argument | page:line – page:line |
| | | | |
| | | | |

**Witness Name**

| Defendant's Initial Designation | Plaintiffs' Objection | Plaintiffs' Explanation (if necessary) | Plaintiffs' Counter-designation (if necessary) |
|---|---|---|---|
| page:line – page:line | Rule | Argument | page:line – page:line |
| | | | |
| | | | |

## APPENDIX B
## USE THIS FORMAT FOR PREPARATION OF THE EXHIBIT LIST:

| 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|
| **Exhibit Letter for Identification** | **Briefly Describe** | **Party Offering Exhibit** | **Party's Objection** | **Party's Explanation for Objection** |
| | | | | |
| | | | | |

## SAMPLE EXHIBIT LIST

| 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|
| **Exhibit Letter for Identification** | **Briefly Describe** | **Party Offering Exhibit** | **Party's Objection** | **Party's Explanation for Objection** |
| **A** | **Hospital record 1/1/2000** | **Pl.** | | |
| **B** | **Photo of accident scene** | **Def.** | | |
| **C** | **Police report** | **Pl.** | | |

7